[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16606
Non-Argument Calendar
_____

D. C. Docket No. 04-00031-CR-ORL-31KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL ABENDANO-CAMACHO,
a.k.a. Giro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 13, 2005)**

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Miguel Angel Abendano-Camacho (Camacho) appeals his 63-month sentence for conspiracy to possess with intent to distribute 100 kilograms of more of marijuana, in violation of 21 U.S.C. § 846. Camacho plead guilty to the charge, admitting that, during the conspiracy, he assisted in distributing between 400 and 700 kilograms of marijuana.

On appeal, Camacho asserts that, as explained in Apprendi v. New Jersey, 530 U.S. 466, 490,120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in order to comport with the Fifth and Sixth Amendments, a factual determination that increases the penalty for a crime beyond the applicable guideline range must be reflected in the jury verdict or admitted by the defendant. Camacho argues that, in his case, the district court erred by imposing his sentence under a mandatory guideline system and under the belief that it did not have the authority to depart downward from the applicable guideline range. Camacho also argues that, because the court was required to make factual findings in order to determine the mandatory guideline range, there was constitutional error in his sentence as well. He contends that, had the court believed that the guidelines were advisory, he would have been sentenced below the guideline sentencing range.

2

Where a defendant fails to raise a Sixth Amendment objection in the district court, the standard of review is for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Under plain-error review, the defendant has the burden to show that "there is (1) error (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal citations and quotations omitted).

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. The Court later revisited that rule in the context of Washington state's sentencing guideline scheme, clarifying that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . . In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at ___, 124 S.Ct. at 2537 (emphasis in original). Subsequently, the Court issued its

3

decision in <u>Booker</u>, finding "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in <u>Blakely</u>. <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 749. Resolving the constitutional question left open in <u>Blakely</u>, the Court held that the mandatory nature of the federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. <u>Id.</u> at ___,125 S.Ct. at 749-51. The Court concluded that the appropriate remedy was to excise two specific sections of the sentencing reform act: 18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal). Thus, the remedy left the Sentencing Guidelines intact, while rendering them advisory only. <u>Id.</u> at ___, 125 S.Ct. at 764.

We have explained that there are two types of error under <u>Booker</u>: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) error based upon sentencing under a mandatory guidelines system. <u>United States v. Shelton</u>, 400 F.3d 1325, 1329-1334 (11th Cir.2005). There is no Sixth Amendment error under <u>Booker</u> where the defendant has admitted to facts later used by the district court to enhance a sentence. <u>Shelton</u>, 400 F. 3d at 1330.

With regard to statutory error, where the district court imposed a sentence

4

under a mandatory guidelines system, the first two prongs of the plain error test are satisfied. See Shelton, 400 F. 3d at 1330-31. The third prong of the plain error test requires the defendant to demonstrate that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." See Rodriguez, 398 F.3d at 1300. In Rodriguez we explained that: "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant." Id. Where we "just don't know" whether the defendant would have received a lesser sentence under an advisory guideline system, the defendant has failed his burden of showing prejudice. Id. at 1301. The fact that "the district court sentenced a defendant to the bottom of the applicable guidelines range[,]" standing alone, "does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005).

Upon review of the record and consideration of the parties' briefs, we find no reversible error. There is simply nothing in the record to suggest that the sentencing judge would have imposed a lower sentence knowing that the guidelines were no longer mandatory.

Because Camacho admitted to the facts supporting the sentence imposed,

there is no plain constitutional error in his sentence. In addition, because there is not a reasonable probability that Camacho would have been sentenced differently under an advisory guideline scheme, the statutory error in the district court's sentence did not affect Camacho's substantial rights, and we affirm his sentence.

**AFFIRMED.**